THIBODEAUX, Chief Judge,
dissenting in part.
|¶1 dissent from the majority’s refusal to award penalties and attorney fees.
There are consequences for failing to follow the law in every facet of life. The field of workers’ compensation is no different and should not be exempted. The defendant failed to perform confirmation testing as required by La.R.S. 23:1081(9)(e). It relied upon invalid testing. It continued to deny Mr. Young’s claim for indemnity benefits even after learning of the failure to do confirmation testing. Despite this clear breach of the law, the majority awards this failure by its refusal to impose penalties and attorney fees. That is error. Indeed, the workers’ compensation judge found that “[t]he employer did not reasonably controvert this claim, nor was there any dose legal call here. The employer simply and clearly did not comply with the law, requiring the claimant to seek redress in court.” (Emphasis supplied).
Moreover, not one witness saw any manifestations of alcohol usage. Indeed, the majority concedes that “Mr. Young never exhibited any physical signs of intoxication such as slurred speech or loss of motor skills.... ” He was even cleared for surgery that same day. Dr. Butler opined that Mr. Young’s ability to exit the truck would have been impaired by intoxication. However, Dr. Butler did 12not smell alcohol on the plaintiff. His opinion regarding Mr. Young’s ability to exit was just that— an opinion — and a purely subjective one.
I would affirm the imposition of penalties and attorney fees and award an additional $4,000.00 on appeal for attorney fees.
For the foregoing reasons, I respectfully dissent.